IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FREDERICK D. PIMPTON, <br> TDCJ-CID No. 1614913, | § § § | |
| Petitioner, | § § | |
| v. | § | 2:24-CV-51-Z-BR |
| DIRECTOR, TDCJ-CID, | § § § | |
| Defendant. | § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Frederick D. Pimpton's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF 9). For the reasons stated below, the Magistrate Judge recommends that the petition be DENIED.

### I. FACTUAL BACKGROUND

Pimpton, an inmate at the Clements Unit of the Texas Department of Criminal Justice, challenges the results of a prison disciplinary proceeding in which he lost good-time credits. Pimpton initially was found guilty after a disciplinary hearing for violating offense code 10.0 of the TDCJ Disciplinary Rules and Procedures, possession of a Coolpad cellular telephone, which was defined as a felony under Texas Penal Code 38.11, a Level 1 offense. (ECF 15-1 at 16-18). He was found guilty and lost 360 days of good-time credit, along with other privileges. However, this disciplinary conviction was overturned, and the good time restored, because Pimpton was "effectively den[ied]" the right to cross-examine a witness. (*Id.* at 21). The Clements Unit was given the option to rehear the disciplinary case. (*Id.*).

On August 31, 2021, TDCJ officials notified Pimpton that they were re-charging him in

Case Number 20210255410 in connection with possession of the phone. (*Id.* at 6, 24). Pimpton was provided more than twenty-four hours' notice of his September 2, 2021, hearing. (*Id.* at 6, 24). Pimpton appeared at the hearing but refused to make a statement other than to ask how he could be charged twice. (*Id.* at 24). The hearing officer found Pimpton guilty and assessed his punishment at: 1) 180 days of good time lost; and 2) a reduction of time-earning class from S3 to L3. (*Id.*). Pimpton did not file a grievance as to the results of the hearing. (*Id.* at 26).

On May 22, 2023, Pimpton filed suit in the Amarillo Division of the U.S. District Court for the Northern District of Texas in Case No. 2:23-cv-87, alleging civil rights violations and challenging the punishment he received in the disciplinary hearing. Because loss of good-time credits is not cognizable in a Section 1983 case, the Court *sua sponte* severed his habeas corpus claim into this lawsuit. Pimpton amended his petition on April 16, 2024. (ECF 9). The government responded, alleging that Pimpton is ineligible for mandatory supervision and thus has no protected due process interest in his lost good-time credits. (ECF 15). Pimpton filed a reply, in which he stated that he seeks to recover money damages instead of his good-time credits.[1] (ECF 16 at 5).

## II. LEGAL ANALYSIS

**A.   Legal Standard.**

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rule violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe on a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484

---

[1] Money damages, however, are not recoverable in a habeas corpus proceeding. *See, e.g., Wilson v. Midland County, Texas*, 116 F.4th 384, 388-89 (5th Cir. 2024).

(1995); *Alexander v. Tex. Dep't of Crim. Justice*, 951 F.3d 236, 240 (5th Cir. 2020).

A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007).

**B.  Pimpton Cannot Demonstrate a Due Process Violation.**

Pimpton is not entitled to habeas relief because he is ineligible for release to mandatory supervision. The law in effect at the time of the holding offense governs an inmate's eligibility for mandatory supervision. *Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005). For purposes of a mandatory supervision determination, the applicable holding offense is his current one. *Id.*; *Ex parte Hall*, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999) (an inmate's "eligibility for mandatory supervision release is determined by the statute in effect at the time of his current offense"). Pimpton's holding offense, committed on September 12, 2007, was aggravated robbery using a deadly weapon. (ECF 15-1 at 2-3). Thus, pursuant to the statutes then in effect, he is ineligible for release to mandatory supervision. *See* TEX. GOV'T CODE § 508.149(a)(1), (12) (West 2007) (stating that an inmate's offense with an affirmative finding under article 42.12 § 3g(a)(2), a deadly weapon finding, and an inmate's offense of first-degree aggravated robbery renders one ineligible for mandatory supervision). *See Daniels v. Lumpkin*, No. 7:19-cv-76-O-BP, 2020 WL 7408238 (N.D. Tex. Nov. 18, 2020) ("[A]ggravated robbery with a deadly weapon was an offense that rendered a convicted defendant ineligible for mandatory supervision at the time of the offense here."). Because the Texas legislature specifically excluded Pimpton's offense from eligibility for release to mandatory supervision, he has no liberty interest in his good-time credits. *See Madison*

*v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997) (discussing Texas' mandatory supervision procedure and lack of due process right to good time for ineligible inmates). Consequently, because Pimpton's loss of good-time credit does not affect the fact or duration of his sentence, it does not provide a basis for federal habeas corpus relief. *See Sandin*, 515 U.S. at 484; *Teague*, 482 F.3d at 777; *Malchi*, 211 F.3d at 957-58. Accordingly, Pimpton's petition should be dismissed.[2]

### III. RECOMMENDATION

For the reasons stated above, Pimpton's petition fails to state a claim for relief under 28 U.S.C. § 2254. Accordingly, IT IS RECOMMENDED that the petition be DENIED and DISMISSED WITH PREJUDICE.

### IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 21, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the

---

[2] Pimpton's contentions regarding his actual innocence, double jeopardy and violations of other constitutional rights during his disciplinary hearing were addressed in his civil rights case, No. 2:23-cv-87-Z-BR, and do not apply here.

fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).