IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| FREDERICK D. PIMPTON, TDCJ-CID No. 1614913, | |
| Petitioner, | |
| v. | 2:24-CV-051-Z-BR |
| DIRECTOR, TDCJ-CID, | |
| Respondent. | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to deny the Amended Petition for a Writ of Habeas Corpus filed by the petitioner in this case (ECF No. 9). ECF No. 17. Objections to the FCR have been filed. ECF No. 18.

After making an independent review of the pleadings, files, records, and objections in this case, the District Judge **OVERRULES** Petitioner's Objections (ECF No. 18) and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 17) is **ADOPTED** and the Petition for a Writ of Habeas Corpus is **DISMISSED with prejudice**.

LEGAL STANDARD

A party may serve and file objections to a non-dispositive magistrate judge's order "within 14 days after being served with a copy." FED. R. CIV. P. 72(a). For these timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the 14-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border*

*Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

**ANALYSIS**

Petitioner's Objections are, in reality, styled as a Petition for a Writ of Habeas Corpus. ECF No. 18 at 1 ("Before the Court is Petitioner Frederick D. Pimpton's Petition for a Writ of Habeas Corpus . . . ."). Petitioner merely rehashes the factual background and contentions already before the Court, discussed in detail in the Magistrate's FCR. *See* ECF No. 17. Petitioner does not appear to make any specific objections to the Magistrate Judge's FCR. Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Because Petitioner's statements fail to assert specific objections and do not indicate that the Magistrate's FCR demonstrates clear error, Petitioner's Objection is **OVERRULED**.

Considering the record in this case, Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. Section 2253(c), the Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011). The Court **ADOPTS** and incorporates by reference the Magistrate Judge's FCR filed in this case in support of its finding that Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct

in its procedural ruling." *Slack*, 529 U.S. at 484.

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's Objections (ECF No. 18) and **ADOPTS** the Magistrate Judge's FCR (ECF No. 17). Thus, the Petition for a Writ of Habeas Corpus is **DISMISSED with prejudice**.

**SO ORDERED**.

May 15, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE